**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Estate of Geraldine M. Harris

Patti H. Spring, Appellant,

v.

Harry L. Harris, Jr., as Personal Representative of the Estate of Geraldine M. Harris, Respondent.

Appellate Case No. 2014-000426

———————————

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-190
Heard March 8, 2016 – Filed May 4, 2016

———————————

**AFFIRMED**

———————————

Stanley Clarence Rodgers, of Law Office of Stanley C. Rodgers, LLC, of Charleston, for Appellant.

Walter Graham Newman, of Walter G. Newman Attorney at Law, LLC and Thomas E. Player, Jr., of Player & McMillan, LLC, both of Sumter, for Respondent.

———————————

**PER CURIAM:**  Patti Spring (Daughter) appeals the circuit court's order finding funds in two joint bank accounts—a National Bank of South Carolina (NBSC) account and a Wachovia account—were not estate assets of the Estate of Geraldine Harris (Mother).  Daughter argues the circuit court erred in failing to find: (1) she established the fiduciary relationship between Harry L. Harris, Jr. (Son) and Mother raised a presumption of undue influence in the creation and funding of the two accounts; (2) the evidence did not support the probate court's finding that the NBSC account was free of undue influence; and (3) the record included evidence to support the probate court's finding that the Wachovia account was not a joint account with the right to survivorship.  We affirm.

As to issues one and two:  Our supreme court has not issued a pronouncement extending the presumption of undue influence to joint bank accounts or squarely addressed the impact of a fiduciary relationship on the creation of joint bank accounts with the right of survivorship.[1]  We decline to decide whether a presumption of undue influence arises in this context.

Here, irrespective of who had the burden of proof, the essential question is this: Did the evidence show Son's alleged undue influence over Mother destroyed Mother's free agency and prevented Mother's exercise of judgment and free choice in creating the joint accounts?[2]  *See Undue Influence*, Black's Law Dictionary 1760 (10th ed. 2014) (defining undue influence as "[t]he improper use of power or trust

---

[1] The circuit court and Daughter applied the analysis outlined for setting aside a will or deed.  *See Howard v. Nasser*, 364 S.C. 279, 288, 613 S.E.2d 64, 68 (Ct. App. 2005) (holding a presumption of undue influence arises in contested will cases involving confidential or fiduciary relationships); *Dixon v. Dixon*, 362 S.C. 388, 398-99, 608 S.E.2d 849, 854 (2005) (applying the undue influence analysis outlined for wills in cases concerning conveyance of property involving confidential relationships).

[2] We note that even under the burden shifting scheme Daughter asks this court to apply, Daughter would have retained the ultimate burden of proof to invalidate the joint accounts.  *See Howard*, 364 S.C. at 288, 613 S.E.2d at 68-69 ("[I]f the contestants of a duly executed will provide evidence that a confidential/fiduciary relationship existed sufficient to raise the presumption, the proponents of the will must offer evidence in rebuttal.  *We emphasize that although the proponents of the will must present evidence in rebuttal, they do not have to affirmatively disprove the existence of undue influence.  Instead, the contestants of the will still retain the ultimate burden of proof to invalidate the will.*" (emphasis added)).

in a way that deprives a person of free will and substitutes another's objective; the exercise of enough control over another person that a questioned act by this person would not have otherwise been performed, the person's free agency having been overmastered"). We find the answer to that question is no. Accordingly, we affirm. *See Neely v. Thomasson*, 365 S.C. 345, 349-50, 618 S.E.2d 884, 886 (2005) ("When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them.").

As to issue three: We find the probate court erred as a matter of law when it ordered, "Based on the lack of statement specifically stating that the Wachovia Bank account (now Wells Fargo) was a survivorship account, . . . said account should have been a part of the residuary estate and the property of the estate as an asset thereof." The probate court found as fact "[t]he account with Wachovia Bank specifically stated that it was a joint account." Therefore, the circuit court did not err in reversing the probate court's decision as to that account. *See* S.C. Code Ann. § 62-6-101(4) (2009) ("'Joint account' means an account payable on request to one or more of two or more parties (whether 'and', 'or', 'and/or', or any other designation), *whether or not mention is made of any right of survivorship*." (emphasis added)); S.C. Code Ann. § 62-6-104(a) (2009) ("Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is a writing filed with the financial institution at the time the account is created . . . which indicates a different intention.").

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**